**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1412**

ALLISON WILLIAMS,

Plaintiff - Appellant,

v.

ADVERTISING SEX, LLC; WEB TRAFFIC, INCORPORATED; SCOTT
MOLES; ZORG ENTERPRISES; CHRIS BUCKLEY; TROY SAVEGE (named
as Troy Doe); EYEGASMIC ENTERPRISES; RAYMOND WILLIAMS;
NICHOLAS CAIN; CAIN WEB DESIGN, INCORPORATED; CHARLIE HINTZ;
MENTAL SHED, LLC; DARREN MCLAUGHLIN; PERFORMANCE MARKETING
GROUP, INCORPORATED; SCOTT RICKETT; GENOCIDE PRODUCTIONS;
TRACY WHITEWICK (named as Tracey Doe); MANUEL NOTEN; CRAIG
BROWN; WEBRESULTZ PTY LTD.; FROSTYLIPS, LLC; HENRY ROTTINE;
KENNETH M. BOYD; EDITH G. BOYD; PALMBEACH-ONLINE.COM,
INCORPORATED; PETER SMALLWOOD; PURPLE SKY PRODUCTIONS;
MICHAEL VACIETIS,

Defendants - Appellees.

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.   Irene M. Keeley,
District Judge. (1:05-cv-00051-IMK-JSK)

Submitted:  January 21, 2011          Decided:  February 3, 2011

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Reversed by unpublished per curiam opinion.

Stephen Michael LaCagnin, Parween Sultany Mascari, JACKSON KELLY, PLLC, Morgantown, West Virginia; Ray Cooley Stoner, JACKSON KELLY, PLLC, Pittsburgh, Pennsylvania, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allison Williams appeals from the district court's order in her civil action denying her motion to reconsider the court's dismissal of a number of defendants for lack of personal jurisdiction. For the reasons that follow, we reverse.

Williams was crowned Miss West Virginia in 2003. According to her complaint,[1] the Defendants allegedly used her name, pageant photograph, and title to falsely market, advertise, and solicit sales on the Internet of a sex video, purporting to feature Williams (hereinafter "Sex Tape"), for financial gain. The Sex Tape — an explicit movie featuring an unidentified couple — was available for download from the Defendants for a price. Advertisements typically featured a trailer of the movie, a pageant photograph of Williams, and contained alleged defamatory text advertising the Sex Tape.

Williams has steadfastly contended that she was not the woman in the Sex Tape and filed suit in the Northern District of West Virginia against fifty-nine Defendants located throughout the United States and the world. Williams alleges a large civil conspiracy by Defendants to defame and otherwise harm her by profiting from the defamatory postings. Defendants,

---

[1] Due to the procedural posture of this case, the facts primarily are gleaned from Williams' compliant.

3

alleges Williams, also benefitted financially from the Sex Tape in various commercial ways. The complaint lists numerous causes of action and details the personal and professional harm suffered by Williams while she was living in the state of West Virginia.

In its October 3, 2008 memorandum order, the district court detailed the factual allegations against each Defendant. Despite being served, some of the Defendants failed to make an appearance or respond to the complaint. The district court referred to these twenty-eight Defendants as the "Default Defendants." (R. 361 at 1). Because of the procedural posture of the case, the district court opined that "the only factual background about them [Default Defendants] known to the Court is what Williams has pled in her Complaint." (R. 361 at 3-4). Williams moved for a default judgment against the Default Defendants. The district court dismissed the Default Defendants, concluding that it lacked personal jurisdiction over the parties. The court primarily relied on ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707 (4th Cir. 2002), and its adoption of Zippo Mfg. Co. v. Zippo Dot Com Inc., 952 F. Supp. 1119 (W.D. Pa. 1977), for its finding that the Default Defendants' commercial activities failed to establish the minimum contacts with West Virginia needed to anticipate being haled into court for purposes of personal jurisdiction.

4

In her motion to reconsider, Williams specifically objected to the court's finding that it lacked personal jurisdiction over the Default Defendants. On March 17, 2009, the district court denied Williams' motion to reconsider under Fed. R. Civ. P. 59(e). Williams timely appeals from the March 17 order. For the reasons that follow, we reverse.

Despite this court's best efforts at contacting the parties, the twenty-eight Default Defendants also have failed to enter an appearance before this court, i.e., they have become the "Default Appellees." Consequently, we have no briefs before us to support the district court's conclusion that it lacked personal jurisdiction over them, and there are no attorneys to address this matter at oral argument. Accordingly, we decline to address the issue of whether a district court must satisfy itself, sua sponte, that it has personal jurisdiction before entering a default judgment. Rather, we reverse the district court's order denying Williams' motion to reconsider the issue, and instruct the court to enter default judgments against the Default Defendants as had been sought by Williams.[2]

REVERSED

---

[2] We note that the Default Defendants are commercial enterprises and persons involved in the distribution of adult Internet content. These relatively sophisticated litigants pursued a litigation strategy that carried the real possibility of having a default judgment entered against them. Nonetheless, the Default Defendants failed to enter an appearance before the district court or this court at their own peril.